525 So.2d 301 (1988)
STATE of Louisiana
v.
Aaron JOHNSON.
No. 87 KA 1086.
Court of Appeal of Louisiana, First Circuit.
April 19, 1988.
Lewis V. Murray, Asst. Dist. Atty., Franklinton, for plaintiff-appellee.
Clarence Guillory, Public Defender, Franklinton, for defendant-appellant.
Before WATKINS, CARTER and FOIL, JJ.
CARTER, Judge.
Aaron Johnson was charged by bill of information with distribution of marijuana, a violation of LSA-R.S. 40:966 A. After pleading not guilty, defendant was tried by a jury and found guilty as charged. Defendant was sentenced to two years at hard labor. Defendant appeals his conviction and presents four assignments of error for review:
1. The evidence was insufficient to support the conviction.
2. The trial court erred in denying a motion for a new trial.
3. The sentence is excessive.
4. The trial court erred in denying a request for a mistrial.
Assignment of error number three was expressly abandoned in defendant's appellate brief.

FACTS
The record reflects that on June 6, 1986, Officer Julie Conerly was working as an undercover agent for the Bogalusa Police Department. That evening she went to Ruth's Lounge and met with Aaron Johnson, defendant herein. He informed her that he would purchase a "dime-bag" of marijuana for her. Officer Conerly drove Johnson to the corner of Fourth Street and *302 East Second Street. She paid him $10.00, and he returned with a clear plastic bag containing what appeared to be marijuana. Officer Conerly returned to Ruth's Lounge with Johnson. Sometime thereafter, she left the lounge and met with Detective Dorman Kellis and Sergeant Mike Edwards at a location previously agreed upon. She gave them the bag given to her by Johnson. The bag was turned over to Lieutenant Robert Latino, who received the evidence and sent it to the crime lab for analysis. The substance in the bag was determined to be marijuana. Johnson was later arrested for distribution of marijuana.

ASSIGNMENT OF ERROR NUMBER ONE
By this assignment of error, defendant puts at issue the sufficiency of the evidence identifying him as the perpetrator of the crime. Defendant does not dispute the fact that the offense occurred; he merely contends he was not the person who committed it. Where the key issue becomes the defendant's identity as the perpetrator, rather than whether or not the crime was committed, the state is required to negate any reasonable probability of misidentification beyond a reasonable doubt. State v. Richardson, 459 So.2d 31 (La.App. 1st Cir.1984). After reviewing the record herein, we find that the state met its burden of proof.
The state presented the testimony of Officer Conerly, the undercover agent who purchased marijuana from the defendant. Police officers Edwards and Kellis also testified on behalf of the state. Edwards and Kellis were conducting a surveillance of Officer Conerly's undercover operation on behalf of the Bogalusa Police Department.
Defendant attempted to rebut the evidence presented by the state during crossexamination of the state's witnesses. His argument appears to be that Officer Conerly's identification of defendant was unreliable. In brief, defendant claims that Officer Conerly's identification of defendant as the perpetrator is suspect because she bought marijuana from a black male at night, she identified defendant one month after the crime took place, and she made several "buys" from different black males on separate occasions over a thirty to fortyfive day period.
The record reflects that Officer Conerly was familiar with defendant. She had spoken with him on several occasions prior to purchasing marijuana from him. While in Ruth's Lounge, the two conversed for at least thirty minutes before riding together to the corner of Fourth and East Second Streets to buy the marijuana. Moreover, she did not make additional drug purchases that evening from any other person. Defendant was not immediately arrested because Officer Conerly was working as an agent in a continuing undercover operation wherein it would have been unwise to reveal her identity prior to termination of the operation. Defendant was arrested one month later when the operation terminated. At that time, Officer Conerly identified defendant as the person who sold marijuana to her on June 6, 1986.
The record reflects that Officer Conerly's identification of the defendant as the man who sold marijuana to her on the evening of June 6, 1986, was reliable. Officer Conerly was seated next to defendant at the time she gave him $10.00 to purchase marijuana for her. She was seated next to defendant when he handed her a plastic "baggie" containing what appeared to be marijuana. It is clear that she had the opportunity to view the defendant at the moment of the crime.
Officer Conerly was attentive during the transaction as she was an undercover agent intent on apprehending drug traffickers. She filed a report containing a description of defendant, and she was positive in her identification of him one month later after his arrest. Although Officer Conerly did not immediately identify defendant, a delay between the crime and confrontation of only one month is not a significant time lapse.
After viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The jury's verdict indicates *303 that, after considering the credibility of the witnesses and weighing the evidence, it accepted the testimony of Officer Conerly. The credibility of a witness's testimony is a matter of the weight of the evidence. A determination of the weight to be given evidence is a question of fact for the trier of fact and is not subject to appellate review. See State v. Orgeron, 512 So.2d 467 (La.App. 1st Cir.1987).
We find no error in the jury's verdict. This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER FOUR
In this assignment of error, defendant alleges that the trial court erred in denying his motion for a mistrial. Defendant claims a statement made by the prosecutor during closing argument unduly focused the jury's attention on defendant's failure to testify at trial.
During closing argument, the prosecutor stated: "There was absolutely no controverting of any evidence you heard today." Defendant argues this statement was an impermissible, albeit indirect, reference to defendant's failure to testify at trial. He cites several cases in support of this argument. State v. Latin, 412 So.2d 1357 (La. 1982), is cited by defendant for the proposition that, when defendant is the only person who could dispute the state's evidence, a comment that the state's evidence is uncontroverted is a prohibited comment on defendant's failure to testify. State v. Latin, supra, and State v. Jackson, 454 So.2d 116 (La.1984), suggest that, if the statement may be interpreted as referring to other possible witnesses and not to defendant alone, the statement does not constitute reversible error.
Defendant would have us believe that, because he did not testify at trial or present any other witnesses, he was obviously the only person capable of rebutting the evidence presented by the state. Defendant's defense at trial was that he was not the person who distributed marijuana to Officer Conerly. To support such a defense, defendant could have presented alibi witnesses on his behalf to vouch for his whereabouts on the evening the drug transaction transpired. The record does not indicate that defendant was the obvious sole witness able to rebut the state's evidence.
In this case, it does not appear that the prosecutor intended to emphasize defendant's failure to take the stand. See State v. Smith, 433 So.2d 688 (La.1983). We do not find the comment to be impermissible. Similar statements to the effect that the state's case is uncontroverted have frequently been upheld. See, e.g., State v. Jackson, supra; State v. Sims, 346 So.2d 664 (La.1977); State v. Reed, 284 So.2d 574 (La.1973); State v. Hilburn, 512 So.2d 497 (La.App. 1st Cir.1987), writ denied, 515 So.2d 444 (La.1987).
The record does not indicate an erroneous denial of defendant's motion for a mistrial. Consequently, this assignment is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
In assignment of error number two, defendant alleges trial court error in denial of his motion for a new trial. He advances two reasons to justify a new trial: the verdict was contrary to the law and evidence and the prosecutor made an impermissible comment during closing argument. The arguments correspond to assignments of error numbers one and four previously found to be without merit.

CONCLUSION
For the above reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.