ARMSTRONG, Judge.
The relator, Larry M. Smith, was convicted of simple burglary. The State subsequently filed a multiple bill. After a hearing relator was sentenced under R.S. 15:529.1 to serve twelve years at hard labor. On appeal relator’s conviction and sentence were affirmed. State v. Larry M. Smith, 498 So.2d 304 (La.App. 4th Cir.1986). The appeal was for errors patent.
Relator now comes before this court seeking relief from the trial court’s denial of his application for Post Conviction Relief. Relator asserts three claims in his application:
(1) Ineffectiveness of appeal counsel;
(2) Denial of right to jury trial; and
(3) Insufficiency of evidence.

Claim No. 1: Ineffectiveness of Counsel

Relator’s claim of ineffective assistance of counsel is to be assessed by the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), State v. Fuller, 454 So.2d 119 (La.1984). Relator must show that counsel’s performance was deficient and that the deficiency prejudiced the relator. Counsel’s performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. Strickland, supra, 104 S.Ct. at 2064. Counsel’s deficient performance will have prejudiced the relator if he shows that the errors were so serious as to deprive the relator of a fair trial. •* Id. Relator must make both showings in order to prove that counsel was so ineffective as to require reversal.
Relator’s contention that his appeal counsel was ineffective is dependant on a finding that his second and third claims have merit. Relator is alleging that his appeal counsel was ineffective because he failed to raise as errors on appeal that there was no valid waiver of a trial by jury and that the evidence was insufficient to support his conviction. Our determination that these claims lack merit will obviate any consideration of whether Relator’s appeal counsel was ineffective. Therefore we will address them first.

Claim No. 2: Waiver of Jury Trial

Relator claims that he did not validly waive his right to a jury trial.
The right to trial by jury is protected by La. Const. Art. I, § 17 (1974). Except in capital cases, a defendant may knowingly and intelligently waive trial by jury and elect to be tried by the judge. LSA-C. Cr.P. arts. 780, 782; State v. Wilson, 437 So.2d 272 (La.1983). In Wilson, the Louisiana Supreme Court dictated that the defendant must act voluntarily and knowingly for the waiver of trial by jury to be valid. The court stated that the trial judge should “advise the defendant personally on the record of his right to trial by jury and require the defendant to waive the right personally either in writing or by oral statement in open court on the record.” Id. at 275.
In the present case, the following colloquy occurred between the trial judge, relator, and his counsel.
BY MR. MCCURDY:
Your Honor, in this matter I’ve advised the defendant of his rights to be tried either by the jury of the Court sitting as the trier of fact at his discretion, and it’s his decision that he wishes to be tried by the Court without a jury.
BY THE COURT:
Mr. Smith, do you understand you’re entitled to be tried by a six-member jury *762 requiring a unanimous vote for a verdict- or you may be tried by the Court as a trier of fact? Do you wish to waive your right to a six-member jury requiring a unanimous vote for a verdict and be tried as a judge trial?
BY MR. SMITH:
I don’t understand what you said.
BY THE COURT:
I said you’re entitled to a six-member jury in this case.
BY MR. SMITH:
Right.
BY THE COURT:
And any verdict they return must be unanimous. You can waive your right to that six-member jury and be tried by the Court as a judge trial. And your lawyer says that you want to waive that right to jury trial and be tried as a judge trial; is that correct?
BY MR. SMITH:
No, Your Honor.
BY THE COURT:
Bring the jury in. Have a seat. The Court will call the first six jurors listed on the jury panel sheet.
BY MR. MCCURDY:
May we confer?
BY THE COURT:
Yes.
BY MR. MCCURDY:
May we approach the bench with the defendant?
BY THE COURT:
Yes. Step up.
BY MR. MCCURDY:
Your Honor, I’ve conferred with the defendant at some length in this matter and he advised me that he wishes to be tried by a judge.
BY THE COURT:
Mr. Smith, once again for the record, do you understand you’re entitled to be tried by a six-member jury requiring a unanimous vote for a verdict or you may waive that right and be tried by the Court as a trier of fact? Do you wish to waive your right to be tried by the jury and be tried as a judge trial?
BY MR. SMITH:
Yes, sir.
BY THE COURT:
Let the record reflect that the defendant, in proper person, has elected to waive his right to trial by six-member jury requiring a unanimous vote for a verdict and be tried by the Court as a trier of fact.
It is clear from this colloquy that relator was made aware of his right to a trial by jury and that his choice was his own made voluntarily and intelligently. The trial judge advised relator personally on the record of his right to a jury trial. Relator personally waived his right to a trial by jury in open court on the record.
This claim is without merit.

Claim No. 3: Sufficiency of the Evidence

The relator contends that there was insufficient evidence to prove (1) an unauthorized entry and (2) the intent to commit a felony or any theft therein, elements of R.S. 14:62, simple burglary.
When reviewing for sufficiency of evidence, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982).
The record reflects that on July 7, 1984 at approximately 9:00 p.m., police officers observed the defendant sitting in the driver’s seat of a mobile home bearing Connecticut license plates. The mobile home was in a parking lot at the corner of Loyola Avenue and Girod Street. Officer Genia-dos saw the defendant duck under the *763 front dash. The officers saw that the inside of the mobile home was in disarray and that a C.B. radio was pried off from near the driver’s seat.
Mr. Edward Modzecewski parked his mobile home in the parking lot at approximately 2:00 p.m. on Thursday. He left the van locked with the contents secured. A screwdriver found in the van was not his. Mr. Modzecewski did not give the defendant permission to enter the mobile van.
The defendant testified and denied being inside the van. He stated that he was walking across the parking lot when he was stopped by the police officers.
Clearly, there was sufficient evidence to prove an unauthorized entry since the owner of the vehicle testified he did not give anyone, including defendant, permission to enter. Further, the victim’s description of the interior of the vehicle as almost completely ransacked, and that a C.B. radio had been forcibly pried loose and placed in a duffle bag establishes that defendant had intended to commit a theft.
This claim has no merit.
Since neither of relator’s substantive claims have merit, the claim of ineffectiveness of appeal counsel is also without merit.
Accordingly, this writ application is denied.
WRIT DENIED.