577 So.2d 816 (1991)
STATE of Louisiana, Appellee,
v.
Claude McCARTER, Appellant.
No. 22266-KA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1991.
Indigent Defender Bd. by James E. Beal, Jonesboro, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, H. Russell Davis, Asst. Dist. Atty., Arcadia, for appellee.
Before NORRIS, LINDSAY and BROWN, JJ.
BROWN, Judge.
This case involves the illegal sale of a controlled dangerous substance to two undercover police officers. A jury found defendant guilty and he was thereafter sentenced to serve six (6) years imprisonment at hard labor. From this conviction defendant appeals and after considering his assignments of error, we affirm.

DISCUSSION
Conceding that an illegal sale of marijuana occurred, the defense asserted that the undercover officers were wrong when they identified defendant as the seller. It is undisputed that the only evidence tying defendant to the sale was the identification by the undercover officers. In a motion for post-verdict judgment of acquittal defendant argued that he was convicted pursuant to an in-court identification procedure which violated his state and federal constitutional due process rights.
Dexter Turner, a deputy sheriff from Red River Parish, and Charles Johnson, a Homer police officer, testified that they purchased two (2) bags of marijuana from defendant on March 3, 1989. Both Turner and Johnson were trained law enforcement officers working undercover for the Bienville-Claiborne-Webster (BCW) Drug Task Force. Together in an undercover vehicle, these officers arrived at the C & S Grocery and Laundromat in Arcadia, Louisiana at 9:00 p.m. on March 3, 1989. Shortly after arrival the defendant and another man walked past the undercover vehicle. Officer Turner asked, "... (w)hat's up? What *817 you got?". At this point defendant offered to sell two (2) bags of marijuana for $15. Turner gave defendant a $20 bill and defendant went into the store to get change. While defendant was in the store the other man identified himself as Lad Baker and identified defendant as Claude McCarthy.[1]
Defendant returned and gave Officer Turner his $5 in change. No arrests were made at this time as this was a continuing undercover operation. Following standard procedures, Turner delivered the marijuana to his supervisor, Jarrett Ketchum of the Bienville Parish Sheriff's Office. Ketchum placed the contraband into an evidence envelope on which he wrote "Claude McCarthy alias Lad Baker."
A Bienville Parish Grand Jury indicted "Claude McCarthy" on April 18, 1989.[2] On August 18, 1989 defendant was arrested by the Bienville Parish Sheriff's Office. Defendant was photographed at booking and shortly thereafter, Officer Ketchum showed the photograph to both Turner and Johnson. The undercover officers positively identified the photograph as the person who sold them the marijuana on March 3rd.
Defendant's trial started on November 27, 1989 and during the course of the trial both Officers Turner and Johnson positively identified defendant as the party who sold them the marijuana. To support or "bolster" the in-court identification, both officers testified concerning the pretrial identification. The photograph which was the basis of the pretrial identification was submitted into evidence. The defense did not file a motion to suppress either the pretrial or the in-court identification nor did it make a contemporaneous objection to either the testimony or the introduction of the photograph. However, in this appeal the prosecutor has not argued that this issue is not properly before the court.
The defense argues that after indictment and arrest, it was unnecessary and suggestive to show the undercover officers one photograph. The issue on appeal is whether it was error to present evidence of this pretrial identification from a single photograph and what effect it had on the reliability of the in-court identification.
Our jurisprudence permits testimony of a prior identification to support the present in-court identification. Even in tainted pretrial identifications, our courts have rejected a per se exclusionary rule and have adopted the same reliability test used for in-court identification. State v. Mims, 501 So.2d 962 (La.App. 2d Cir.1987). In Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the Supreme Court allowed evidence of a suggestive pretrial identification from a single photograph by an undercover police agent after determining that it was reliable. In that decision the court concluded that "reliability is the linchpin in determining the admissibility of the identification testimony..." Reliability is to be determined by the totality of the circumstances.
The Louisiana Supreme Court has stated, "It is the likelihood of misidentification which violates due process, not merely the suggestive identification procedure." State v. Guillot, 353 So.2d 1005, 1008 (La. 1977).
After analyzing the facts in this case we conclude that both the pretrial and in-court identification were reliable. Both officers had an opportunity to view and speak with defendant. The transaction occurred in the parking lot at a grocery store and laundromat with adequate lighting. The officers viewed defendant walking towards their car and stopped him at the car. Officer Turner engaged defendant in a conversation and exchanged a $20 bill for two bags of marijuana. Defendant went back into the store to obtain change and returned to the vehicle. Defendant handed officer Turner $5. The defendant was close to the officers, talked with them and they had the opportunity to clearly observe him.
*818 These officers were working in connection with a drug task force. Both officers were trained in conducting this type of transaction which was to buy drugs from unknown parties. Their experience caused them to be especially attentive to the identification of the person selling drugs.
In this case the officers' level of certainty both in-court and pretrial was strong. The time between the crime and identifications was not significantly long considering the type of operation involved. The defense presented no evidence and relied on its cross-examination to assail the credibility of the recognition of defendant.
Under all of these circumstances, we cannot say that there was a substantial likelihood of irreparable misidentification. The issue of identification was one for the jury. The defense strongly argued its position of misidentification to the jury. We are content to rely upon the good sense and judgment of the jury.
Although it may arguably have been preferable for Officer Ketchum to have shown several photographs, such a failure under the totality of these circumstances is not of constitutional dimensions and would go to the weight and not the substance of the testimony.
Defendant further claims that there was insufficient evidence to support a conviction. An appellate court must view the evidence in the light most favorable to the State to determine whether or not it was sufficient to support a verdict of guilty. The positive identification by the undercover officers was a sufficient basis upon which the jury could find defendant guilty beyond a reasonable doubt. The defense was not that the crime did not occur but rather that the officers' identification was mistaken. Under these circumstances, the jury's verdict was supported by sufficient evidence and this assignment of error has no merit. LSA-C.Cr.P. Art. 821, Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Finally defendant claims that his sentence was excessive. The law provides a sentence for distribution of marijuana of between five (5) and thirty (30) years at hard labor. Defendant was sentenced to six (6) years at hard labor. The trial court adequately complied with the sentencing guidelines in LSA-C.Cr.P. Art. 894.1. At age 45, defendant was not a youthful offender. In addition, defendant had a prior misdemeanor conviction for D.W.I. in which his probation was unsatisfactorily terminated. Under these circumstances the sentence does not shock this court's sense of justice nor reflect a manifest abuse of the discretion of the trial court. This assignment has no merit.

DECREE
For the foregoing reason, defendant's conviction and sentence is AFFIRMED.
NOTES
[1] The officers believed they heard "McCarthy" but testified it could have been "McCarter".
[2] The indictment was amended to "Claude McCarter" on November 27, 1989, the date trial commenced.