613 So.2d 252 (1992)
STATE of Louisiana
v.
Glenn WILLIAMS.
No. 91 KA 2260.
Court of Appeal of Louisiana, First Circuit.
December 23, 1992.
*254 Ascension Dist. Attorney's Office, Julie Cullen, Atty. Gen., Baton Rouge, for the State.
Phyllis Southhall, Gonzales, for defendant/appellant.
Before LOTTINGER, C.J., FOIL, J., and FOGG[*], J. Pro Tem.
KENNETH J. FOGG, Judge Pro Tem.
Glenn Williams was charged by bill of information with distribution of cocaine, a violation of La.R.S. 40:967(A)(1). He pled not guilty and, after trial by jury, was convicted as charged. The trial court sentenced defendant to serve a term of five years imprisonment at hard labor, with credit for time served. Defendant has appealed, urging four assignments of error. In the second assignment, defendant asks for a review of the record for the existence of patent error. Such a request is unnecessary as this Court routinely conducts a patent error review of all criminal appeal records. See La.C.Cr.P. art. 920(2). We have reviewed the record for patent error and have found no reversible patent errors.

FACTS
On January 5, 1989, Detective James P. Gales of the Iberville Parish Sheriff's Office participated in an undercover operation in Ascension Parish. At the request of the Ascension Parish Sheriff's Office, he made drug purchases in the Donaldsonville area. Prior to going out on the streets, he was searched, equipped with a body microphone, and given $135.00. By the end of the evening, he had made three separate drug purchases, including a small packet of cocaine from defendant.
The purchase made from defendant was the second purchase Gales made that evening. While Gales was at the Wishing *255 Well Bar in Donaldsonville, he ran into a man whose face he recognized from school. After Gales asked this man where he could find "something," the two men rode around until the former schoolmate recognized a car parked at the Day-and-Night convenience store. At the store, the schoolmate called the occupant of the car over to Gales' vehicle. The man from the car asked Gales, "What's going on? What's happening?" Gales replied, "We're looking for something." When the man asked Gales to give him some money, Gales refused but asked to follow the man. With help from his passenger, Gales followed the man to a trailer. After the man went into the trailer, he came out and gave Gales a small packet of cocaine powder in a cellophane wrapper. In return, Gales paid the man $25.
After the offense, Gales turned the cocaine over to Ascension Parish deputies, who in turn had it tested at the Louisiana State Police Crime Laboratory, where it tested positive as cocaine. Gales also provided Det. Jeffrey Beech of the Ascension Parish Sheriff's Office with information about the man who had sold him the cocaine. Gales told Beech the suspect was "a light-skinned black male, mustache, kind of thin build." Gales also gave Beech the suspect's first name, "Glenn," and the location of the trailer. Using this information, Beech discovered that the trailer described by Gales was occupied by Glenn Williams.
On March 14, 1989, Beech took three photographs, including one of defendant, to Gales for viewing to confirm the identifications of the three people who sold drugs to Gales in Ascension Parish. According to Gales, the names of the individuals in the pictures were not visible to him when he viewed the photographs.[1] As Gales viewed the pictures, he identified the three men in the pictures as the men from whom he separately purchased drugs on January 5, 1989. Beech then secured an arrest warrant for defendant and arrested him at the trailer.
Defendant testified in his defense. He denied selling cocaine to Gales or ever having seen Gales. Defendant was not able to recall his activities on the date of the offense.

SUFFICIENCY OF THE EVIDENCE
In the first assignment of error, defendant argues the evidence was insufficient to support his conviction. In particular, defendant asserts the state did not adequately establish his identity as the perpetrator. He asserts the undercover officer gave too few details about the suspect. He also maintains the photographic identification was suggestive and the in-court identification was not otherwise reliable.
Defendant did not argue this issue before the trial court. The proper procedural vehicle for raising the sufficiency of the evidence is by first filing a motion for post-verdict judgment of acquittal before the trial court. La.C.Cr.P. art. 821. Nevertheless, we will consider a claim of insufficiency of the evidence which has been briefed pursuant to a formal assignment of error. State v. Leagea, 554 So.2d 833, 835 (La.App. 1st Cir.1989).
In reviewing claims challenging the sufficiency of the evidence, this Court must consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original). See also La.C.Cr.P. art. 821(B); State v. Mussall, 523 So.2d 1305, 1308-09 (La.1988). Where the key issue raised by the defense is defendant's identification as the perpetrator, rather than whether or not the crime was committed, the state is required to negate any reasonable probability of misidentification. State v. Richardson, 459 So.2d 31, 38 (La.App. 1st Cir.1984).
After reviewing the trial testimony and evidence, we conclude that defendant's claims are without merit and that his *256 identification as the person who sold cocaine to Gales was established beyond a reasonable doubt. Positive identification by only one witness may be sufficient to support a defendant's conviction. State v. Thomas, 589 So.2d 555, 570 (La.App. 1st Cir.1991). Gales testified that he first observed defendant in the convenience store parking lot, which was "very bright and visible." When he next saw defendant at the trailer, it was darker but a street light was nearby. After the offense, Gales provided a physical description of the suspect, along with a first name and the location of the trailer. Further investigation by Beech revealed that defendant resided at the trailer. When asked to identify the suspect in court, Gales indicated he had "no doubt" defendant was the person who sold him the cocaine.
The jury's verdict in this case indicates that, after considering the credibility of the witnesses and weighing the evidence, it accepted the testimony of Detectives Gales and Beech and rejected the testimony of defendant. The credibility of a witness' testimony is a matter of the weight of the evidence. A determination of the weight to be given evidence is a question of fact for the trier of fact and is not subject to appellate review. State v. Johnson, 525 So.2d 301, 303 (La.App. 1st Cir.1988).
Accordingly, the assignment of error is without merit.

INEFFECTIVE ASSISTANCE OF COUNSEL
In the third assignment of error, defendant argues his trial attorney was not effective. Defendant faults his attorney for not filing a motion to suppress the photographic display, for not putting on any evidence except defendant's brief statement, for not presenting alibi and character witnesses, for not filing a motion for post-verdict judgment of acquittal, for not questioning the witnesses before the trial, and for not subpoenaing defendant's witnesses.
A convicted defendant who claims error because of his trial counsel's ineffectiveness must establish two separate elements in order to succeed:
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, reh'g denied, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984).
A claim of ineffective counsel is more properly raised by an application for post-conviction relief in the district court where a full evidentiary hearing may be conducted. Where the record discloses evidence needed to decide the issue of ineffective assistance of counsel and that issue was raised by assignment of error on appeal, the issue may be addressed in the interest of judicial economy. State v. Bourgeois, 451 So.2d 172, 174 (La.App. 1st Cir.), writ denied, 457 So.2d 18 (La.1984).
Defendant's complaints concerning his trial attorney's performance may be divided as follows: (1) failure to file motion for post-verdict judgment of acquittal and motion for new trial; (2) failure to present alibi and character witnesses and failure to interview witnesses before trial; and (3) failure to file a motion to suppress the identification. We will address each of these areas separately.
Failure to file motion for post-verdict judgment of acquittal and motion for new trial: Defendant asserts his attorney should have filed motions for post-verdict judgment of acquittal and a new trial because the evidence was insufficient. Although defendant did not file a motion for post-verdict judgment of acquittal, we have reviewed the sufficiency of the evidence in connection with the first assignment of error and have concluded the evidence was sufficient. When the substantive issue that an attorney has not raised *257 has no merit, then the claim the attorney was ineffective for failing to raise the issue also has no merit. See State v. Smith, 547 So.2d 760, 763 (La.App. 4th Cir.1989), writ granted in part on other grounds, 567 So.2d 1113 (La.1990). Thus, we reject defendant's claim his attorney was ineffective for failing to file motions for post-verdict judgment of acquittal or a new trial.
Failure to present alibi and character witnesses and failure to interview witnesses before trial: Defendant voices general allegations and conclusory charges that his attorney was ineffective for failing to present any evidence other than defendant's brief testimony, in particular for failing to present alibi and character evidence. Defendant also asserts his attorney did not interview the witnesses before trial and did not subpoena defendant's witnesses. Defendant provides no information about who these witnesses are or what testimony they would have given. A defendant who asserts a claim of ineffective counsel is required to identify the specific acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. See Strickland v. Washington, 466 U.S. at 690, 104 S.Ct. at 2066; Knighton v. Maggio, 740 F.2d 1344, 1349 (5th Cir.), cert. denied, 469 U.S. 924, 105 S.Ct. 306, 83 L.Ed.2d 241 (1984). In this case, defendant neither argues, nor does the record reveal, any specific evidence counsel could have presented which would have had an effect on the outcome. Thus, defendant has failed to establish counsel's ineffectiveness in this area.
Failure to file motion to suppress identification: Defendant also claims his counsel was ineffective for not filing a motion to suppress the identification. Although Gales viewed three photographs at the time he identified defendant's picture, the procedure used was suggestive. Only defendant's photo was in color; and Gales knew that the persons depicted in the photographs selected by Beech were suspects in the three drug transactions. No attempt was made to include pictures of uninvolved men with similar characteristics. Detective Beech explained that he did not use a photographic display because Gales was a police officer who, unlike the victim of a crime surprised by an offender, was aware he eventually would be called upon to identify the suspect. See State v. McCarter, 577 So.2d 816 (La.App. 2d Cir.1991).
However, the requirement that an identification procedure not be suggestive applies equally to lay and law enforcement witnesses. Recently, the Louisiana Supreme Court reversed a narcotics conviction in a case where the undercover officer was shown only one photograph when he identified the suspect who had sold him cocaine. State v. Martin, 595 So.2d 592 (La.1992). The Court found the one-on-one identification procedure to be suggestive and further concluded (after considering the factors approved in Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977)) that the suggestive procedure tainted the in-court identification.
Thus, defendant's claim that his attorney was ineffective for not filing a motion to suppress has potential merit. However, the record does not disclose the appropriate evidence needed to decide the issue. Although defendant contends a motion to suppress was not filed, a written motion to suppress the identification is in the record. From the existing record, we cannot determine whether the attorney's decision not to pursue the motion was a determined choice or an oversight. In the questioning of witnesses and in argument, counsel noted the weaknesses in the identification procedure to emphasize the possibility of mistaken identification. Thus, it is possible trial counsel wanted the photographic identification procedure introduced. Additionally, although some questioning as to the independent reliability of the in-court identification occurred, the questioning was not adequate to allow us to resolve the issue of whether or not the in-court identification would be allowed even with the suppression of the pretrial identification.
Only in an evidentiary hearing in the district court, where defendant could present evidence beyond that contained in the existing record, could defendant's allegations *258 be sufficiently investigated. See State v. Teeter, 504 So.2d 1036, 1040-41 (La.App. 1st Cir.1987). Accordingly, if defendant seeks to prove his allegations that his attorney was ineffective, his proper remedy is by post-conviction relief, wherein an evidentiary hearing could be conducted. See State v. Walter, 542 So.2d 586, 590 (La.App. 1st Cir.), writ denied, 546 So.2d 1222 (La.1989). The assignment of error is without merit.

EXCESSIVE SENTENCE
In the fourth assignment of error, defendant asserts the court erred by imposing an excessive sentence. Defendant notes that he is a first felony offender, that only a small amount of cocaine was involved, and that there was no indication he was a large scale drug dealer. He maintains that at least half of the sentence should have been suspended.
The penalty provision for distribution of cocaine requires the imposition of a term of imprisonment at hard labor for not less than five years nor more than thirty years. Additionally, the trial court may impose a fine of not more than fifteen thousand dollars. La.R.S. 40:967(B)(1). Thus, defendant's sentence of five years imprisonment at hard labor complies with the statutory requirements.
The trial judge has wide discretion, though not unbridled, in the imposition of a sentence within statutory limits. See State v. Sepulvado, 367 So.2d 762, 767 (La.1979). Article I, § 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. A sentence will be determined to be excessive if it is grossly disproportionate to the crime, or is nothing more than the needless imposition of pain and suffering. The determination turns upon the punishment and the crime in light of the harm to society and whether or not the penalty is so disproportionate that it shocks our sense of justice. State v. Waguespack, 589 So.2d 1079, 1086 (La. App. 1st Cir.1991), writ denied, 596 So.2d 209 (La.1992). A sentence may be excessive either by reason of its length or because the circumstances warrant a less onerous sentencing alternative. State v. Tate, 506 So.2d 546, 552 (La.App. 1st Cir.), writ denied, 511 So.2d 1152 (La.1987).
Given compliance with the sentencing criteria of La.C.Cr.P. art. 894.1, the sentence will not be set aside in the absence of manifest abuse of discretion. Article 894.1 (prior to its amendment by 1991 La.Acts, No. 22) requires the trial court to weigh both aggravating and mitigating circumstances in imposing sentence. While the trial court is not required to articulate every such circumstance in imposing sentence, the record must reveal adequate consideration of the guidelines enumerated in article 894.1. Waguespack, 589 So.2d at 1086.
Before sentencing defendant, the court reviewed the presentence investigation report. Reviewing the guidelines of La.C.Cr.P. art. 894.1 (prior to its amendment by 1991 La.Acts, No. 22), the court gave its reasons for imposing a period of imprisonment. Although defendant is classified as a first felony offender and was eligible for probation, the court believed there was an undue risk defendant would commit another offense if placed on probation. The court determined that defendant was in need of correctional treatment or a custodial environment which can be provided most effectively by his commitment to an institution and that a lesser sentence would deprecate the seriousness of the offense. The court detailed defendant's criminal arrest record. In addition to the instant offense, defendant earlier had been arrested for possession of cocaine. After his conviction in the instant case, defendant again was arrested for distribution of cocaine. This convinced the court defendant either has a complete disregard for law and order or is unable to cope with and handle ordinary pressures of society. Noting defendant's sporadic employment record and unstable family situation, the court concluded that defendant's character and attitude indicate he is likely to commit another crime. The court also found that imprisonment would not pose an unnecessary hardship on defendant or his dependents.
*259 After reviewing these reasons cited by the court, we find the trial court adequately complied with the requirements of article 894.1 and did not abuse its discretion when it imposed a five year term of imprisonment. Defendant received the minimum term of imprisonment. His arrest for distribution of cocaine after the conviction in this case demonstrates he is not a candidate for probation. The assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[*] Judge Kenneth J. Fogg is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[1] The persons' names are on the front of each of two of the pictures introduced into evidence. Apparently the names were covered during the viewing.