WELCH, J.
| ¡/The defendant, Calvin Lindsey, was charged by bill of information with distribution of a Schedule II controlled dangerous substance (cocaine), a violation of La. R.S. 40:967(A)(1). The defendant pled not guilty. Following a jury trial, the defendant was found guilty as charged. He was sentenced to nine (9) years imprisonment at hard labor, with the first two years of the sentence to be served without the benefit of parole, probation, or suspension of sentence. In finding that the trial court erred in denying the defendant’s challenge for cause of a prospective juror, we reversed the conviction, vacated the sen *1033 tence, and remanded for a new trial. State v. Lindsey, 2005-0465 (La.App. 1st Cir.12/29/05), 928 So.2d 541 (Whipple, J. dissenting). The Louisiana Supreme Court reversed our decision, reinstated the defendant’s conviction and sentence, and remanded the matter back to this court for consideration of the defendant’s remaining assignment of error, which was pretermit-ted in the original appeal. State v. Lindsey, 2006-255 (La.1/17/07), 948 So.2d 105. We now affirm the defendant’s conviction and sentence.
FACTS
On March 11, 2003, several police officers from the L.E.A.P. Task Force of the Plaquemine City Police Department, assisted by police officers from the Vermillion Parish Sheriffs Office, were conducting an undercover narcotics operation around the Plaquemine area in Iberville Parish. The undercover agents drove around the area purchasing narcotics from street-level narcotics dealers.
The defendant, who had one leg and was in a wheelchair, approached one of the undercover vehicles, which was equipped with a wireless transmitter and a video recorder, and asked the officers what they needed. The officer driving the vehicle told the defendant he needed a “forty” (slang for $40.00 worth of crack cocaine). The defendant told the officer to “make a block” and meet him on the other side of the tracks. When they met at this second location, the defendant sold |sto the officer on the passenger side two rocks of .19 grams of crack cocaine for forty dollars. The transaction was videotaped.
ASSIGNMENT OF ERROR
In this assignment of error pretermitted in the original appeal, the defendant argues that the trial court erred in overruling defense counsel’s hearsay objection to certain testimony by Sergeant Jamie Wha-ley. Specifically, the defendant contends that Sergeant Whaley’s testimony regarding what he heard over a wireless transmission constituted impermissible hearsay.
At the trial, Sergeant Whaley testified that Sergeant Joey Landry and Sergeant Shane Suire were the undercover officers who purchased the cocaine from the defendant. Sergeant Whaley, who was in another vehicle, was able to hear the drug buy because the vehicle that Sergeants Landry and Suire were in was equipped with a wireless transmitter that transmitted audio conversations from their vehicle to Sergeant Whaley’s vehicle.
When Sergeant Whaley was asked on direct examination if he could explain what took place, Sergeant Whaley responded, “Yes, sir. We were listening to the wire and the agents were traveling east on what is Haase Street when they were flagged down by a subject which they described as being in a wheelchair and having one leg. The subject asked them what they needed and -” At this point, defense counsel objected to hearsay and argued that Sergeant Whaley was testifying as to what someone told him. The trial court ruled that Sergeant Whaley could testify only as to what he heard, not what someone told him. Following this ruling, Sergeant Whaley testified as follows:
Yes, sir. I heard the subject stop with the subject (sic). The subject then asked what they needed and Sergeant Landry replied he needed a forty, which is street slang for forty dollars worth of crack cocaine. The subject that he was talking to then replied to him to cross the tracks and meet him over on the same street but across the tracks.
|4The statements made by the defendant were admissible against him as a party admission under La. C.E. art. 801(D)(2)(a). Accordingly, the defendant’s *1034 statements were nonhearsay. Moreover, the statements made by both the defendant and Sergeant Landry, as they pertained to the drug transaction, constituted things said or done and were, therefore, nonhearsay under La. C.E. art. 801(D)(4). See State v. Kidd, 568 So.2d 175, 179-180 (La.App. 2nd Cir.1990).
In his brief, while recognizing that admissions are nonhearsay, the defendant nonetheless contends that Sergeant Wha-ley’s testimony should not have been allowed because Sergeant Whaley could not positively identify the defendant. According to Sergeant Whaley’s testimony on cross-examination, he did not have visual contact with the defendant during the drug buy and heard only a voice over the transmitter. Sergeant Whaley stated that he first saw the defendant after the defendant made contact with the agents and later observed the defendant crossing Railroad Avenue over the tracks.
While defense counsel’s objection at trial was confined to the issue of hearsay, the defendant raises for the first time on this appeal the issue of proof of his identity. If it is his claim that the State did not adequately establish his identity, the defendant should have raised the issue in an assignment of error addressing the sufficiency of the evidence. See State v. Williams, 613 So.2d 252, 255-256 (La.App. 1st Cir.1992). Nevertheless, we note that the State established the defendant’s identity through several witnesses, particularly Sergeant Suire. Sergeant Suire, the undercover agent who purchased the cocaine from the defendant, testified on direct examination as follows:
Q. Is there any question in your mind that the defendant seated here, Calvin Lindsey, was in fact the person who sold you the crack cocaine?
A. I have no doubt, he was.
Q. Had you ever seen him before?
|bA. No, sir.
Q. And you hadn’t seen him since; have you?
A. Correct.
Q. You’ve had an opportunity to look at the video tape (sic), of course?
A. That’s correct.
Q. Not based on the video tape (sic) and not based on your initial contact with him, but based solely on the point where he put the cocaine into your hand, is there any question that that’s the individual that did it?
A. Correct.
[[Image here]]
Q. I asked you about your identification, when he placed the cocaine in your hand you made the positive I.D.; was he also, in fact, the same individual that your partner discussed the transaction with?
A. Sure.
On cross-examination, Sergeant Suire testified as follows:
Q. Okay. And it’s the facial features that you’re recognizing, not just the fact that somebody has part of a leg missing; is that correct?
A. Correct.
Q. Okay. And you have no doubt in your mind; is that correct?
A. That’s correct.
[[Image here]]
Q. Okay. Now, we heard Sergeant Whaley, Jamie Whaley testified earlier and he said that he was not in visual contact. In fact, he said that he didn’t see anything until the actual transaction took place, and he was about two hundred yards, a couple hundred yards away, okay. And he said that he recognized facial features, okay. Do you have any dispute with that? Okay. Did he *1035 also look at the video tape (sic) that night?
A. It was he and probably several other agents, definitely.
Q. Okay. But the identification, you’re saying, is clear from that video tape (sic); correct?
|fiA. Sure.
Q. And there’s no doubt in your mind even though you never saw the person before, you had about two minutes of contact, total time, two separate contacts one afternoon just a few minutes apart, total time of two minutes and you’re positive based upon the facial features that the defendant, Mr. Lindsey, is the same person that you came into contact with that night?
A. No doubt in my mind.
Q. No doubt in your mind.?
A. Correct.
The assignment of error is without merit.
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.