STATE OF LOUISIANA

VERSUS

DAN ROBERTSON

NO. 24-KH-473

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Wiseman*

Linda Wiseman
First Deputy, Clerk of Court

November 14, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** DAN ROBERTSON

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE E. ADRIAN ADAMS, DIVISION "G", NUMBER 21-483

Panel composed of Judges Stephen J. Windhorst,
John J. Molaison, Jr., and Scott U. Schlegel

**WRIT DENIED**

In this *pro se* writ application, defendant/relator, Dan Robertson, seeks

supervisory review of the district court's denial of his application for post-

conviction relief (APCR). We deny the application for the following reasons.

**Procedural Background**

On February 1, 2022, defendant was found guilty by a six-person jury of

attempted simple burglary. On March 16, 2022, the district court sentenced him to

six years imprisonment at hard labor. The State subsequently filed a multiple

offender bill of information, alleging that defendant was a third-felony offender.

On March 23, 2022, after defendant stipulated to the multiple bill as a third-felony

offender, the district court vacated the original sentence and resentenced defendant

to eight years imprisonment at hard labor without the benefit of probation or

suspension of sentence. On March 29, 2023, this Court affirmed defendant's

conviction and sentence. *State v. Robertson*, 22-363 (La. App. 5 Cir. 3/29/23), 360 So.3d 582.

Defendant filed a timely APCR with the district court, raising the following claims: (1) defendant was not afforded the opportunity for a preliminary examination; (2) insufficient evidence; (3) the State failed to definitely prove the identity of the suspect to this crime or positively identify defendant as the suspect; (4) ineffective assistance of counsel; and (5) defendant was not afforded an impartial jury. On July 25, 2024, the district court denied the APCR. Defendant timely filed a notice of intent to appeal with the district court.

## Analysis

In this writ application, defendant argues that his counsel rendered ineffective assistance of counsel by failing to: (1) move for a preliminary examination; (2) object to the admission of a bandana into evidence; (3) introduce photographs of the crime scene; and (4) object to the State's opening statement when the prosecutor made conflicting, misleading, and prejudicial statements.

Under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution, a defendant is entitled to effective assistance of counsel. *State v. Casimer*, 12-678 (La. App. 5 Cir. 3/13/13), 113 So.3d 1129, 1141. To prove ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Id.* Under the *Strickland* test, the defendant must show: (1) that counsel's performance was deficient, that is, that the performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) that the deficient performance prejudiced the defense. *Id.* An error is considered prejudicial if it was so serious as to deprive the defendant of a fair trial, or "a trial whose result is reliable." *Id.* To prove prejudice, the defendant must

demonstrate that, but for counsel's unprofessional conduct, the outcome of the trial would have been different. *Id.* (citing *Strickland*, *supra*).

The burden is on the defendant to overcome the presumption that, under the circumstances, counsel's conduct falls within the wide range of reasonable professional assistance and that the challenged action "might be considered sound trial strategy." *State v. Robinson*, 22-310 (La. App. 5 Cir. 4/12/23), 361 So.3d 1107, 1122, (citing *Strickland*, *supra*); *State v. Starks*, 20-429 (La. App. 5 Cir. 11/3/21), 330 So.3d 1192, 1198. Typically, trial counsel's decisions and actions related to trial strategy cannot support an ineffective assistance of counsel claim. *Robinson*, 361 So.3d at 1122. Hindsight is not the proper perspective for judging the competence of counsel's trial decisions and an attorney's level of representation may not be evaluated based on whether a particular strategy is successful. *Id.*; *State v. Jones*, 09-688 (La. App. 5 Cir. 2/9/10), 33 So.3d 306, 325.

Defendant's argument that his trial counsel was ineffective for failing to move for a preliminary examination and expose discrepancies in identification procedures relates to trial strategy and does not support an ineffective assistance of counsel claim. For purposes of an ineffective assistance of counsel claim, the filing of pretrial motions is squarely within the ambit of the attorney's trial strategy, and counsel is not required to engage in efforts of futility. *State v. Taylor*, 02-1063 (La. App. 5 Cir. 2/25/03), 841 So.2d 894, 901. Counsel's decisions as to which motions to file or to pursue form a part of trial strategy. *State v Robinson*, 361 So.3d at 1122. A preliminary examination does not determine the validity of the charge brought against a defendant, but rather determines whether or not there is probable cause to deprive the defendant of his liberty. *State v. Sterling*, 376 So.2d 103, 104 (La. 1979). In the instant case, on February 25, 2021, the day after the State filed its bill of information, counsel was provided with the arrest report and warrant, probable cause affidavit, police reports, the surveillance video, and

the State's map showing defendant's route. The decision by his counsel not to request a preliminary examination does not constitute ineffective assistance of counsel.

Defendant next argues that his counsel failed to object to the admission into evidence of a bandana, which had not been found on defendant, or in any of his belongings, and had not been tested for DNA evidence. Defendant does not allege any specific grounds for an objection to the State's introduction of the bandana. A defendant making a claim of ineffective assistance of counsel must identify certain acts or omissions by counsel which led to the claim; general statements and conclusory charges will not suffice. *State v. Robinson*, 361 So.3d at 1122; *State v. Starks*, 330 So.3d at 1198. In addition, "[t]he time and manner of making objections is part of the trial strategy decision-making of the trial attorney." *State v. Moore*, 16-644 (La. App. 5 Cir. 3/15/17), 215 So.3d 951, 968. There was extensive testimony about the bandana at defendant's trial, including identification of the bandana by two officers. *See State v. Robertson*, 360 So.3d at 587-88 (Discussing the testimony of Detective Baldassara and Deputy Songy as to the bandana, including that the bandana was found "in the exact area" where defendant was located.) Any purported deficiency in defense counsel's performance and any resulting prejudice is purely speculative and conclusory.

Defendant next contends that counsel should have taken photographs of the area in order to disprove the State's claim that defendant had to scale a fence to get into the neighborhood, when there were alternative avenues leading to this Metairie neighborhood. This argument is also speculative and conclusory. Detective Songy testified at length about the neighborhood, and ways to access it to arrive at where defendant was found. This Court previously found:

> Deputy Songy testified that in order to access the subdivision from Airline Drive, a person would need to scale or climb several obstructions, such as an eight to ten-foot fence, a twelve-foot wall, or other gates. He explained that

the area where the attempted burglary occurred was located in the opposite direction of where defendant indicated he was heading. Deputy Songy testified that this subdivision was not a "cut-through" to get from Airline Drive to defendant's residence unless the person was climbing fences and going through several backyards.

*Robertson*, 360 So.3d at 588.

On cross-examination, defense counsel elicited testimony from Deputy Songy that the eight to ten feet tall fences along Airline Highway were "scaleable if you really want to." Defense trial counsel also elicited that once inside of the subdivision where Iona and Hector Streets were located, a person could reach Metairie Road.

Defendant provides no specific arguments to contradict the extensive testimony by Deputy Songy. He does not articulate what he claims was his alleged path from an unspecified bar on Airline Drive to where he was found. Defendant's conclusory and speculative argument does not show ineffective assistance of counsel according to *Strickland*.

Finally, defendant faults counsel for failing to object when the prosecutor made conflicting, misleading and prejudicial statements during the opening statement. Defendant argues that the prosecutor suggested that the elements of simple burglary were met because "sleeping" in a car without permission constitutes an unauthorized use of a vehicle, a felony that he was not charged with. During his opening statement, the prosecutor stated:

> Mr. Robertson at no point had permission to try to get into [the victim's] vehicle to try and sleep in his vehicle, to try to steal something from his vehicle, had no permission to go into it. . . . Even if the defendant tried to say he was just sleeping there for the night. That is using a motor vehicle that he was not authorized to use which is a felony under Louisiana law or to commit any theft therein. If you believe that he was trying to break into that vehicle to take anything, whether it's a bottle of water, a pen, a pencil, anything at all. Cash, money, or gun or anything he might have believed to be in that vehicle, then he is guilty of the attempted simple burglary.

In 2022, the crime of simple burglary was defined as "the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein, other than as set forth in R.S. 14:60." *See* La. R.S. 14:62(A). Thus, contrary to defendant's argument, the State's reference to defendant sleeping in the vehicle referred to a fact, which if proved, established an element of attempted simple burglary, *i.e.*, the unauthorized entry of a vehicle. Defendant's counsel was not ineffective in failing to object during the prosecutor's opening statement. *See State v. Williams*, 613 So.2d 252, 256-57 (La. 1992) ("When the substantive issue that an attorney has not raised has no merit, then the claim the attorney was ineffective for failing to raise the issue also has no merit.").

For these reasons, defendant's writ application is denied.

Gretna, Louisiana, this 14th day of November, 2024.

**SUS**
**SJW**
**JJM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **11/14/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**24-KH-473**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable E. Adrian Adams (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED
Dan Robertson #91832 (Relator)
Claiborne Parish Detention Center
1415 Highway 520
Homer, LA 71040