STATE OF LOUISIANA

VERSUS

JONATHAN BROWN

NO. 24-KH-523

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Wiseman*

Linda Wiseman
First Deputy, Clerk of Court

December 10, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** JONATHAN BROWN

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE R. CHRISTOPHER COX, III, DIVISION "B", NUMBER 19-6214

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Marc E. Johnson

**WRIT DENIED**

In this *pro se* writ application, relator, Jonathan Brown, seeks this Court's supervisory review of the trial court's September 24, 2024 ruling which denied his application for post-conviction relief ("APCR"). For the following reasons, we find no merit to relator's arguments, and thus deny the writ application.

**FACTS AND PROCEDURAL BACKGROUND**

On August 25, 2022, a jury found relator guilty of attempted second degree murder (count one), possession of a firearm by a convicted felon (count two), and obstruction of justice (count three). On September 23, 2022, the trial court sentenced relator to fifty years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence on count one; twenty years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence on count two; and forty years imprisonment at hard labor on count three. The trial court ordered all of the sentences to run concurrently with each

other. On October 21, 2022, the trial court adjudicated relator a third-felony offender, vacated the original sentence on count one, and sentenced relator to seventy years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. The trial court also ordered relator's sentence to run concurrently with his sentences on counts two and three. On June 21, 2023, this Court affirmed relator's convictions, the habitual offender adjudication, and his sentences on counts one and two, but vacated his sentence on count three and remanded for resentencing. *State v. Brown*, 22-562 (La. App. 5 Cir. 6/21/23), 368 So.3d 218. Relator did not file a writ application with the Louisiana Supreme Court.

On July 12, 2024, relator filed his APCR with the trial court, asserting the following claims: (1) the State elicited false testimony from its witness, Bairn Hartman, in violation of *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); (2) the State committed prosecutorial misconduct by providing Mr. Hartman with a plea agreement containing an illegally lenient sentence in exchange for his testimony; and (3) ineffective assistance of counsel. On September 16, 2024, the State filed its response, asserting that relator's claims of a *Napue* violation and prosecutorial misconduct were procedurally barred under La. C.Cr.P. art. 930.4(B) and (C), and nevertheless, the claims would fail on the merits. In addition, the State maintained that relator's claims of counsel's ineffectiveness were without merit.

On September 24, 2024, the trial court denied relief, first finding that relator's claims of a *Napue* violation and prosecutorial misconduct were procedurally barred under La. C.Cr.P. art. 930.4(B) and (C). The trial court further found that relator's "vague and unsupported" allegations of counsel's ineffectiveness failed to meet his post-conviction burden of proof under La. C.Cr.P. art. 930.2.

According to relator, after he received a copy of the State's response, but before he received a copy of the trial court's September 24, 2024 ruling denying his APCR, he filed a supplemental APCR in the trial court, requesting that the trial court provide him with the opportunity to state the reasons for his failure to raise his claims of a *Napue* violation and prosecutorial misconduct at an earlier stage, citing the prior version of La. C.Cr.P. art. 930.4(F), in effect at the time he filed his APCR. On October 11, 2024, the trial court denied relator's supplemental APCR. The trial court found that it was unnecessary to permit supplementation to his APCR since he utilized the Uniform Application for Post-Conviction Relief form and he failed to state why he had not raised those claims previously. On November 12, 2024, relator timely filed a subsequent writ application with this Court, seeking review of the trial court's October 11, 2024 ruling which denied his Supplemental APCR. *See* 24-KH-539.

## ANALYSIS

First, upon review, we find relator's writ application is procedurally deficient and untimely. Relator did not file a notice of intent with the trial court and did not provide documentation of a return date with his writ application as required by Uniform Rules–Courts of Appeal, Rules 4-2 and 4-3. Additionally, relator's writ application, signed and dated by relator on October 31, 2024 and filed on November 6, 2024, was filed with this Court more than thirty days from the trial court's September 24, 2024 ruling from which he seeks review. *See* Uniform Rules–Courts of Appeal, Rule 4-3.

In any event, in the instant application, relator first complains that the trial court denied his APCR before his supplemental APCR was filed. He requests, "at this juncture," that this Court remand his case with an order directing the trial court "to comply with the pre-August 31, 2024 mandate of La. C.Cr.P. art. 930.4(F), to provide Defendant the opportunity to state reasons for his failure to raise claims

One and Two in the proceedings leading to conviction and/or on appeal." Upon review, we find that by using the Uniform Application for Post-Conviction Relief form, relator was given an opportunity to state the reasons for his failure to previously raise the claims under La. C.Cr.P. art. 930.4(F). *See State ex rel. Rice v. State*, 99-496 (La. 11/12/99), 749 So.2d 650. Therefore, the trial court did not err in failing to order relator to state his reasons for his failure to previously raise the claims. As such, we find relator's request for a remand is unwarranted.

Additionally, we find no merit to relator's claim of ineffective assistance of counsel. In relator's writ application, he claims his trial counsel was ineffective because counsel failed to expose the false testimony elicited by the State from its witness, Bairn Hartman, and further failed to "highlight" the illegal plea deal received by Mr. Hartman. According to relator, Mr. Hartman's false testimony about his criminal history and the illegal plea deal he received from the State in exchange for his testimony went unchallenged by counsel.

Under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution, a defendant is entitled to effective assistance of counsel. *State v. Casimer*, 12-678 (La. App. 5 Cir. 3/13/13), 113 So.3d 1129, 1141. To prove ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Casimer*, 113 So.3d at 1141. Under the *Strickland* test, the defendant must show: (1) that counsel's performance was deficient, that is, that the performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) that the deficient performance prejudiced the defense. *Id.* An error is considered prejudicial if it was so serious as to deprive the defendant of a fair trial, or "a trial whose result is reliable." *Id.* (quotations omitted). To prove prejudice, the defendant must demonstrate that, but for

counsel's unprofessional conduct, the outcome of the trial would have been different. *Id.* (citing *Strickland v. Washington*, *supra*).

Counsel cross-examined Mr. Hartman about his negotiated plea deal with the State, as well as Mr. Hartman's prior convictions, which counsel described as "violent crimes." During cross-examination, Mr. Hartman also admitted that he never told the club's owners that he was not supposed to be in possession of a firearm because of his prior convictions. During closing argument, counsel repeatedly asserted that Mr. Hartman identified relator as the shooter to avoid prison. Trial counsel's choices of which questions to ask on cross-examination fall well within the ambit of trial strategy. *See State v. Brooks*, 94-2438 (La. 10/16/95), 661 So.2d 1333, 1337.

Additionally, the State disclosed before trial that Mr. Hartman's plea agreement was executed in accordance with La. C.Cr.P. art 890.1, by which a defendant is provided a means via the plea agreement to seek a waiver of a mandatory sentence which prohibits probation or a suspension of sentence. As such, we find that relator cannot fault counsel for pointing out an illegal term that did not exist. *See State v. Williams*, 613 So.2d 252, 256-57 (La. 1992).

## CONCLUSION

Accordingly, based on the forgoing, we find no error in the ruling of the trial court. The writ application is denied.

Gretna, Louisiana, this 10th day of December, 2024.

**JGG**
**SMC**
**MEJ**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **12/10/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**24-KH-523**

**CURTIS B. PURSELL**
CLERK OF COURT

### E-NOTIFIED
24th Judicial District Court (Clerk)
R. Christopher Cox, III (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED
Jonathan Brown #617898 (Relator)
Rayburn Correctional Center
27268 Highway 21
Angie, LA 70426